**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**United States of America,** through the
Small Business Administration,

                                       **Petitioner,**

    **v.**                                                              **6:09-cv-01042**
                                                               **(GLS)**

**TERRI BEEBE** and
**ANDREW BEEBE,**

                                         **Respondents.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PETITIONER:**

HON. ANDREW BAXTER                WILLIAM F. LARKIN
United States Attorney             Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

U. S. Small Business Administration    NANCY L. CAPLE, ESQ.
Syracuse District Office
401 South Salina Street
5th Floor
Syracuse, NY 13202-0014

**FOR THE RESPONDENTS:**

Office of James F. Selbach, P.C.    JAMES F. SELBACH, ESQ.
Winkworth Professional Building
2700 Bellevue Avenue
Syracuse, NY 13219

| | |
|---|---|
| Office of Peter A. Orville<br>30 Riverside Drive<br>Binghamton , NY 13905 | PETER A. ORVILLE, ESQ. |

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pending is a motion filed by the Small Business Administration (SBA) seeking appeal from an interlocutory order issued by the United States Bankruptcy Court for the Northern District of New York.  The Bankruptcy Court held in favor of Terri and Andrew Beebe, ruling that (1) emotional distress damages are compensable under § 362(k) of the Bankruptcy Code; (2) § 106 of the Bankruptcy Code waives sovereign immunity as to those damages; and (3) a damages inquest should be held.  (*See* Pet'r Mot., Ex. A at 1-2, Dkt. No. 1:2; *see also* Pet'r Mot. at 2 n.3, Dkt. No. 1:1.)  For the reasons that follow, the motion is denied.

### II. Discussion

SBA first claims that appeal of the order is appropriate under the collateral order doctrine. (*See* Pet'r Mot. at 4, Dkt. No. 1:1.)  "The collateral order doctrine is a practical construction of the final judgment

2

rule, which permits an appellate court to hear an appeal of a decision that would conclusively resolv[e] claims of right separable from, and collateral to, rights asserted in the action." *In re World Trade Ctr. Disaster Site Litig.*, 521 F.3d 169, 178-79 (2d Cir. 2008) (citations and internal quotation marks omitted) (alteration in original). The doctrine recognizes that "interlocutory appeals ... are the exception, not the rule." *Id.* at 178 (quoting *Johnson v. Jones*, 515 U.S. 304, 309 (1995)). It renders only a "small class of decisions ... immediately appealable." *Id.* (citation and quotation marks omitted). To fall within that limited class, the order appealed must, among other things, "be effectively unreviewable on appeal from a final judgment." *See id.* at 179 (citation and internal quotation marks omitted). An order is "effectively unreviewable" if it affects rights that "will be irretrievably lost in the absence of an immediate appeal." *See In re Johns-Manville Corp.*, 824 F.2d 176, 180-81 (2d Cir. 1987) (citation and internal quotation marks omitted).

SBA has failed to demonstrate that the challenged order is "effectively unreviewable." SBA claims that the Bankruptcy Court incorrectly ruled that SBA's sovereign immunity is waived as to the Beebe's claims against it. (*See* Pet'r Mot. at 2, Dkt. No.1:1.) SBA also contends

3

that federal sovereign immunity encompasses immunity from the "burdens of litigation," and not merely immunity from liability.  (Pet'r Mot. at 5, Dkt. No.1:1.)  SBA therefore argues that the challenged order would be effectively unreviewable on appeal from final judgment because SBA's asserted "right not to endure the burdens of litigation" would be irretrievably lost.  (*See id.* at 6.)

SBA's motion based on the collateral order doctrine is denied.  As SBA concedes, it is unclear in this Circuit that federal sovereign immunity would encompass "a right not to stand trial," or an "immunity from the burdens of litigation" in this case.  (*See id.* at 5-6 ("[T]he issue is not entirely free from doubt.") (discussing *In re World Trade Ctr.*, 521 F.3d at 190-91).)  Moreover, SBA has failed to sufficiently brief the issue for the court's consideration.  Accordingly, SBA has failed to demonstrate that the challenged order is "effectively unreviewable" and eligible for immediate appeal under the collateral order doctrine.  Its motion based on that doctrine is therefore denied.

SBA next argues that the Bankruptcy Court's order qualifies for

4

immediate appeal under 28 U.S.C. §158(a)(3).[1]  Section 158(a)(3) grants district courts discretionary appellate jurisdiction over an interlocutory order of the bankruptcy court.  *See* 28 U.S.C. § 158(a)(3).  "In determining whether to grant leave to appeal an interlocutory order of a bankruptcy court, district courts generally apply the statutory standard, set forth in 28 U.S.C. § 1292(b), governing interlocutory appeals of the district court to the Court of Appeals."  *In re Cross Media Mktg Corp.*, 2007 WL 2743577, at *2 (S.D.N.Y. Sept. 19, 2007); *see also In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 658 (S.D.N.Y. 2005).  Under this standard, a petitioner must show that the challenged order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation ...."  28 U.S.C. § 1292(b).

SBA's motion based on 28 U.S.C. § 158(a)(3) is denied.  In support of its argument, SBA points out that reversal of the Bankruptcy Court's ruling would result in termination of the action.  Given the late stage of the underlying bankruptcy proceedings, however, the court finds

---

[1] Federal Rule of Bankruptcy Procedure 8003(a) sets out the content requirements of a motion seeking leave to appeal a Bankruptcy Court order under §158(a)(3).  SBA has satisfied these requirements.

5

that granting an immediate appeal would not serve to *materially* advance the termination of the litigation.  Accordingly, leave to appeal the Bankruptcy Court's order under § 158 is denied.

### III. Conclusion

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that SBA's motion is **DENIED**; it is further

**ORDERED** that the Clerk serve a copy of this Memorandum-Decision and Order upon the parties; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order upon the Bankruptcy Court of the Northern District of New York.

**IT IS SO ORDERED**.

Dated: October 14, 2009
Albany, New York

_____
United States District Court Judge