**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,** through
the Small Business Administration,

                              **Petitioner,**

                v.                                      6:09-cv-01042
                                                                   (GLS)

**TERRI PAUL BEEBE** and
**ANDREW BEEBE,**

                              **Respondents.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PETITIONER:** | |
| HON. ANDREW BAXTER<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, NY 13261 | WILLIAM F. LARKIN<br>Assistant U.S. Attorney |
| U.S. Small Business Administration<br>Syracuse District Office<br>401 South Salina Street<br>5th Floor<br>Syracuse, NY 13202-0014 | NANCY L. CAPLE, ESQ. |
| **FOR THE RESPONDENTS:** | |
| Office of James F. Selbach, P.C.<br>Winkworth Professional Building<br>2700 Bellevue Avenue<br>Syracuse, NY 13219 | JAMES F. SELBACH, ESQ. |
| Office of Peter A. Orville | PETER A. ORVILLE, ESQ. |

30 Riverside Drive
Binghamton, NY 13905

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

On October 14, 2009, this court denied the Small Business Administration's (SBA) motion for leave to appeal an interlocutory order issued by the United States Bankruptcy Court for the Northern District of New York.  ( Dkt. No. 2.)  Pending is SBA's motion for reconsideration of that order.  (Dkt. No. 4.)  For the reasons that follow, the motion is denied.

### II. Standard of Review

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g).[1]  "In order to prevail on a motion for

---

[1] Northern District of New York Local Rule 7.1(g) provides:

> Motions for reconsideration or reargument, unless FED. R. CIV. P. 60 otherwise governs, may be filed and served no later than TEN CALENDAR DAYS after the entry of the challenged judgment, order, or decree.  All motions for reconsideration shall conform with the requirements set forth in L.R. 7.1(a)(1) and (2).  The briefing schedule and return date applicable to motions for reconsideration shall conform to L.R. 7.1(b)(2).  Motions for reconsideration or reargument will be decided on submission of the papers, without oral argument, unless the Court directs otherwise.

N.D.N.Y. R. 7.1(g).

2

reconsideration, the movant must satisfy stringent requirements." *C-TC 9th Ave. P'ship v. Norton Co.* (*In re C-TC 9th Ave. P'ship*), 182 B.R. 1, 2 (N.D.N.Y. 1995).  A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citation omitted).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.  "[A]ny litigant considering bringing a motion for reconsideration must evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Gaston v. Coughlin*, 102 F. Supp.2d 81, 83 (N.D.N.Y. 2000) (citation omitted).

### III. Discussion

In its previous order, the court ruled that the challenged bankruptcy court order did not qualify for an immediate appeal under 28 U.S.C. § 158(a)(3).[2] (Order 10/14/09 at 5-6, Dkt. No. 2.) Specifically, the court determined that "given the late stage of the bankruptcy proceedings ... granting an immediate appeal would not ... materially advance the termination of the litigation." (Id.) SBA argues that "[t]his determination was premised on an erroneous legal assumption." (SBA Mot. for Recons. Mem. of Law at 2, Dkt. No. 4:3.) Specifically, SBA contends that the court "incorrectly assumed that the underlying Chapter 7 case is the relevant proceeding for purposes of determining appealability," rather than considering the "discrete[] contested matter commenced ... to determine violation of stay and imposition of sanctions." (Id. at 3, 5.)

---

[2]Section 158(a)(3) grants district courts discretionary appellate jurisdiction over interlocutory orders of the bankruptcy court. See 28 U.S.C. § 158(a)(3). "In determining whether to grant leave to appeal an interlocutory order of the bankruptcy court, district courts generally apply the statutory standard, set forth in 28 U.S.C. § 1292(b), governing interlocutory appeals of the district court to the Court of Appeals." See, e.g., In re Cross Media Mktg. Corp., 2007 WL 2743577, at *2 (S.D.N.Y. Sept. 19, 2007); In re Adelphia Commc'ns Corp., 333 B.R. 649, 658 (S.D.N.Y. 2005). Under that standard, a petitioner must show that the challenged order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). SBA notes that other district courts have exercised broader discretion in granting interlocutory appeals under 28 U.S.C. § 158(a)(3) than is generally exercised under the 1292(b) standard, and urges this court to do the same. (See SBA Mot. for Recons. Mem. of Law at 7 n.4, Dkt. No. 6:3.) This distinction has no bearing on the court's determination as it would be the same under either formulation of the standard.

SBA is incorrect.  In making its appealability determination, the court focused solely on the discrete contested matter before it, and determined that an immediate appeal was unwarranted since only a damages inquest remained.  Accordingly, because the court did not base its decision on an erroneous legal assumption as SBA contends, and because SBA has failed to show either an intervening change in controlling law, the existence of newly available evidence, or the taint of manifest injustice, SBA's motion for reconsideration is denied.

## IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that SBA's motion for reconsideration (Dkt. No. 4) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

December 4, 2009
Albany, New York

_____
United States District Court Judge